IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH C. JOHNSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE W. HILL | : | |
| CORRECTIONAL FACILITY, et. al. | : | |
| | : | |
| Defendants. | : | NO. 06-4476 |

**MEMORANDUM**

**Baylson, J.**                                                                                                                          **August 29, 2008**

      This pro se prisoner civil rights action, pursuant to 42 U.S.C. § 1983 ("Section 1983"), involves Mr. Ralph C. Johnson's claims of inadequate medical treatment. Mr. Johnson ("Plaintiff") alleges that he has suffered severe pain and mental anguish because his medical conditions have not been cared for during his time in prison. George W. Hill Correctional Facility, Dr. Phillips, Dr. Purner, Beverly Parkinsen, Susan Petney, and Susan Kendra ("Defendants") have moved to dismiss the action. See Doc. No. 19.[1]

      Defendants move to dismiss claiming, inter alia, that Mr. Johnson had not exhausted his administrative remedies. Mr. Johnson responded, however, that he has indeed exhausted his remedies via the grievance process. See Doc. No. 11 ("The only administrative procedure available to resolve this issue is the grievous process, the which I have exhausted.") On August

---

[1] The Court previously granted the Defendants' Motion to Dismiss as unopposed. See Doc. No. 22. However, for the reasons set forth in the Court's Memorandum of July 30, 2008, Plaintiff's claims were reinstated. See Doc. No. 24.

-1-

15, 2008, given <u>Ray v. Kertes</u>, 285 F.3d 287 (3d Cir. 2002) (holding that the exhaustion requirement under the Prison Litigation Reform Act is an affirmative defense that defendants must plead and prove), the Court ordered Defendants to submit support for their claim that Mr. Johnson had failed to exhaust his administrative remedies. Defendants did so on August 28, 2008 (Doc. No. 26), explaining that Mr. Johnson filed six grievances but did not appeal any of them. According to Defendants, each grievance was properly investigated, and a timely response provided to Mr. Johnson. Mr. Johnson signed each grievance indicating that he had received the prison's response and that he was aware that he could appeal the response within seven days. Defendants have filed the six grievances and their corresponding responses as exhibits to Doc. No. 26. Defendants also state that no records indicate that Mr. Johnson appealed any of the responses to his grievances.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides in pertinent part:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This provision "make[s] exhaustion of all administrative remedies mandatory – whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action." <u>Nyhuis v. Reno</u>, 204 F.3d 65, 67 (3d Cir. 2000). To properly exhaust administrative remedies, an inmate must appeal a grievance through all administrative levels of appeal at the inmate's institution.

In the present case, there is no indication that Mr. Johnson appealed the responses to his grievances. Mr. Johnson claims he exhausted the grievance process; however, he does not claim

that he filed any appeals, which were necessary to exhaust the grievance process. Each response to a grievance notified Mr. Johnson that he could appeal it. See Doc. No. 26, Exs. A - F. Furthermore, the Inmate Handbook at the George W. Hill Correctional Facility informed Mr. Johnson that he could appeal the response to his grievance if he disagreed with it. See Doc. No. 26, Ex. H. As noted above, Mr. Johnson does not state that he filed any appeals, and the prison does not have any records indicating that Mr. Johnson filed any appeals.

Since it appears that Mr. Johnson has not exhausted the administrative remedies available to him, the Court will dismiss his Complaint without prejudice. See Booth v. Churner, 206 F.3d 289, 300 (3d Cir. 2000) (indicating that dismissal without prejudice is appropriate when an inmate fails to exhaust his available administrative remedies prior to filing an action pursuant to 42 U.S.C. § 1983). An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH C. JOHNSON, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE W. HILL | : | |
| CORRECTIONAL FACILITY, et. al. | : | |
| | : | |
| Defendants. | : | NO. 06-4476 |

**ORDER**

AND NOW, this 29th day of August, 2008, it is hereby ORDERED that Defendants' Motion to Dismiss (Doc. No. 19) is GRANTED. Plaintiff's Complaint is dismissed without prejudice. The Clerk shall close this case.

BY THE COURT:

  /s/ Michael M. Baylson
Michael M. Baylson, U.S.D.J.

O:\CIVIL\06-4476 Johnson v. George W Hill Correctional Facility\Memo re MTD.wpd